**Affirmed and Opinion filed November 29, 2012.**



In The

# Fourteenth Court of Appeals

### NO. 14-11-01041-CR

**JEHASHIBA P. DOUBOUT, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 184th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1245830**

## O P I N I O N

Appellant Jehashiba Doubout appeals from his conviction for aggravated sexual assault of a child under 14 years old. Appellant pleaded guilty without an agreed punishment recommendation, and the trial court found him guilty. After a pre-sentence investigation was prepared, and at the conclusion of a hearing to the bench, the trial judge sentenced appellant to twenty-five years in prison. On appeal, appellant contends that his guilty plea was involuntary because he was mentally incompetent to understand the consequences of the plea. We affirm.

*Background*

Appellant was accused of performing oral sex on a six year old girl. The child's mother, who knew appellant as the brother of a friend and who had allowed appellant to live in her home, described discovering appellant in the act, pulling him away and hitting him. Appellant confessed in a statement to police, although he later told a different story, denying the assault occurred. Laboratory testing on the girl's underwear revealed a high likelihood that appellant's DNA was present on the garment.

Appellant pleaded guilty to the court, and the trial judge found him guilty and ordered the preparation of a presentence investigation (PSI) report. At a subsequent PSI hearing, appellant's counsel represented that appellant had always maintained his innocence and desired to change his plea to not guilty and proceed to trial. Counsel then moved to withdraw appellant's guilty plea. Counsel stated that he had never had any problems communicating with appellant but that appellant was "slow." Counsel acknowledged appellant knew right from wrong.

In considering the motion, the trial judge referenced competency and sanity evaluations that he had earlier ordered to be conducted on appellant. In the competency evaluation, clinical psychologist Dr. Stephen McCary stated that appellant's "cognitive abilities appeared to be reasonably intact." Appellant had been able to correctly answer a number of simple questions but also failed to answer a number of simple questions. According to McCary, appellant's ability to concentrate was adequate but his judgment and insight were poor. Appellant had attended school through the eleventh grade but apparently took special education classes and had never worked. McCary further stated that appellant claimed at the time of the interview to not know the charge against him and stated he could not recall committing the offense. Appellant understood, however, that if convicted he "would probably do some time in prison." Appellant was able to describe the difference between a guilty plea and a not guilty plea, understood the adversarial nature of the legal process, and stated that he thought he could make appropriate choices regarding his legal options. McCary further concluded that appellant "demonstrated the

2

sufficient cognitive and emotional capacities to be able to engage in a reasoned choice of legal strategies and options." McCary diagnosed appellant with "Borderline Intellectual Functioning," but determined he was competent to stand trial and did "not demonstrate a mental illness or a mental defect of the type or degree that would prevent him from appropriately participating in his case." Lastly, McCary stated appellant exhibited "the ability to engage with counsel in a reasonable and rational manner." In a separate report, McCary also found that appellant was sane at the time the offense was allegedly committed.

The trial judge indicated at the hearing that he only accepted appellant's plea because he believed it was freely and voluntarily entered. Defense counsel also produced a letter from an inmate where appellant was then incarcerated. In the letter, the inmate states that appellant was "very slow," "doesn't understand much," and insists that he is innocent. Counsel concluded, however, that "I just can't say that he is not competent." The judge denied the motion to withdraw the guilty plea.

*Analysis*

In his sole issue on appeal, appellant contends that his guilty plea was involuntary because he did not understand the consequences of his plea.[1] No guilty plea may be accepted unless it appears that the defendant was mentally competent and entered the plea freely and voluntarily. Tex. Code Crim. Proc. art. 26.13(b). We consider the entire record in assessing the voluntariness of a guilty plea. *Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998). If a defendant is properly admonished before entering his or her plea, a prima facie showing is established that the plea was entered knowingly and voluntary. *Id*. The burden then shifts to the defendant to show he pleaded guilty without understanding the consequences of his plea and, consequently, suffered harm. *Id*.; *Houston v. State*, 201 S.W.3d 212, 217 (Tex. App.—Houston [14th Dist.] 2006, no pet.).

---

[1] Appellant does not contend that the trial court abused its discretion in denying the motion to withdraw the plea. *See generally Jackson v. State*, 590 S.W.2d 514, 515 (Tex. Crim. App.1979); *Jagaroo v. State*, 180 S.W.3d 793, 802 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd).

A defendant who attests during the initial plea hearing that his plea is voluntary bears a "heavy burden" to prove in a subsequent hearing that he entered the plea involuntarily. *Houston*, 201 S.W.3d at 217.

Here, although no record was made of appellant's plea hearing, appellant does not contest that he was properly admonished and pleaded guilty. The record further demonstrates that appellant signed detailed waivers and admonishments along with his signed guilty plea. Additionally, the trial judge reflected at the subsequent PSI hearing that he would not have accepted appellant's plea if he had believed it was not freely and voluntarily entered.

The burden therefore shifted to appellant to demonstrate that his guilty plea was in fact not voluntary because he did not fully understand the consequences of the plea. *See Martinez*, 981 S.W.2d at 197. In an effort to meet this burden, appellant begins by critiquing the competency evaluation performed by Dr. McCary. Appellant points out that a presence of mental retardation in a defendant raises doubt about the defendant's competency, citing *Montoya v. State*, 291 S.W.3d 420, 425 (Tex. Crim. App. 2009). Appellant further asserts that to assess mental retardation, a mental health professional must determine whether a person exhibits "significantly subaverage general intellectual functioning that is concurrent with deficits in adaptive behavior and originates during the developmental period," quoting Tex. Health & Safety Code § 591.003. This assessment is typically done, appellant further asserts, through standardized assessments, citing *Ex parte Briseno*, 135 S.W.3d 1, 7 (Tex. Crim. App. 2004).

Appellant concludes that McCary's evaluation was deficient because although McCary recognized appellant exhibited signs of intellectual impairment, McCary did not administer confirmatory testing. The burden regarding the voluntariness of appellant's guilty plea, however, was on appellant, not McCary, the court, or the State. *See Martinez*, 981 S.W.2d at 197. McCary, a licensed clinical psychologist, concluded in his evaluation that appellant was competent, understood various aspects related to pleading guilty (including the likelihood of incarceration), and "demonstrated the sufficient

4

cognitive and emotional capacities to be able to engage in a reasoned choice of legal strategies and options."

Appellant did not offer a countervailing expert report or testimony and did not himself testify that he lacked comprehension regarding the consequences of his plea. Instead, appellant points to various points in the record suggesting that he is mentally "slow," including statements to that effect by defense counsel and an inmate who wrote a letter on appellant's behalf. This was not sufficient to carry appellant's burden of demonstrating that he pleaded guilty without understanding the consequences of his plea and thereby suffered harm. *See id.*; *see also Ex parte Tomlinson*, 295 S.W.3d 412, 422 (Tex. App.—Corpus Christi 2009, orig. proc.) (holding defendant failed to meet burden to prove plea was involuntary in light of conflicting evidence).

Lastly, appellant points to defense counsel's statement to the court that appellant told a probation officer and later defense counsel himself that he (appellant) did not commit the offense and wanted to change his plea to not guilty and have a trial before a jury. While this statement evidences a possible change of heart by appellant, it does not establish that appellant failed to understand the consequences of his earlier guilty plea, particularly in light of his confession to police, the waivers and admonishments signed by appellant, and Dr. McCary's findings discussed above. *Cf. Williams v. State*, 265 S.W.3d 715, 720 (Tex. App.—Texarkana 2008, no pet.) (affirming denial of motion to withdraw guilty plea, stating "trial court might have reasonably viewed this sudden change of heart with a great degree of skepticism"). Because appellant failed to meet his burden of demonstrating that he pleaded guilty without understanding the consequences of his plea and, consequently, suffered harm, we overrule his sole issue.

We affirm the trial court's judgment.


/s/     Martha Hill Jamison
          Justice


Panel consists of Justices Boyce, Christopher, and Jamison.

Publish — TEX. R. APP. P. 47.2(b).