**Affirmed and Memorandum Opinion filed July 30, 2013,**



In The

# Fourteenth Court of Appeals

### NO. 14-12-00671-CR

**JOAN DIANE FILLINGAME, Appellant,**

**V.**

**THE STATE OF TEXAS, Appellee.**

**On Appeal from the 405th District Court**
**Galveston County**
**Trial Court Cause No. 10-CR-3226**

## M E M O R A N D U M    O P I N I O N

Appellant Joan Diane Fillingame[1] pleaded guilty to theft, a second-degree felony. Following a punishment hearing, the trial court assessed her punishment at five years' imprisonment in the Texas Department of Criminal Justice, Institutional Division. We affirm.

---

[1] Fillingame is also referred to by the surnames Shaw and Burnett at various places in the record.

## I

Fillingame formerly worked at Mainland Tool & Supply, where she managed the company's accounts payable and accounts receivable. Throughout the course of her employment, Fillingame used the company's money to pay her personal bills. She also allowed her son, Rocky Christopher Burnett, to use the company's accounts at various stores to purchase car parts for his personal use.

Fillingame was charged with theft of more than $100,000 but less than $200,000. She pleaded guilty, and the trial court assessed her punishment at five years' imprisonment.

## II

On appeal, Fillingame argues her plea was involuntary because (1) she did not understand the consequences of her plea because her counsel falsely represented to her that he had reached a plea agreement for her to receive deferred-adjudication probation, and (2) it was a result of ineffective assistance of counsel. Because our resolution of both issues turn on trial counsel's alleged misrepresentations, we address them together.

### A

No plea of guilty shall be accepted by the court unless it appears that the defendant is mentally competent and the plea is free and voluntary. Tex. Code Crim. Proc. art. 26.13(b); *see Boykin v. Alabama*, 395 U.S. 238, 243 n.5 (1969); *Williams v. State*, 522 S.W.2d 483, 485 (Tex. Crim. App. 1975). Generally, a plea is considered voluntary if the defendant was made fully aware of the direct consequences of the plea. *Brady v. United States*, 397 U.S. 742, 755 (1970); *State v. Jimenez*, 987 S.W.2d 886, 888 (Tex. Crim. App. 1999). A finding that a defendant was duly admonished creates a prima facie showing that the defendant

2

knowingly and voluntarily entered the plea. *Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998) (per curiam). The burden then shifts to the defendant to show she pleaded guilty without understanding the consequences of her plea and thus suffered harm. *Id.*; *Doubout v. State*, 388 S.W.3d 863, 865 (Tex. App.— Houston [14th Dist.] 2012, no pet.). A defendant who attests during the initial plea hearing that her plea was voluntary bears a heavy burden to prove in a subsequent hearing that she entered the plea involuntarily. *Doubout*, 388 S.W.3d at 865.

When a defendant challenges the voluntariness of a plea entered upon the advice of counsel contending that her counsel was ineffective, Texas courts apply the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), which requires the appellant to establish two components: First, that her attorney's performance was deficient, meaning it "fell below an objective standard of reasonableness" under prevailing professional norms; second, that she was prejudiced by her attorney's performance. *Strickland*, 466 U.S. 687–88, 689; *Ex parte Niswanger*, 335 S.W.3d 611, 614–15 (Tex. Crim. App. 2011). In the context of entering a plea, the prejudice prong requires an appellant to demonstrate that, but for counsel's errors, she would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58–59 (1985).

If counsel conveys erroneous information to a defendant, a guilty plea based on that misinformation is involuntary. *Ex parte Griffin*, 679 S.W.2d 15, 17–18 (Tex. Crim. App. 1984). For this court to conclude that but for counsel's error appellant would not have pleaded guilty, this court must make a threshold determination that counsel erroneously advised the appellant. *Labib v. State*, 239 S.W.3d 322, 333 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *Fimberg v. State*, 922 S.W.2d 205, 208 (Tex. App.—Houston [1st Dist.] 1996, writ ref'd).

B

In this case, Fillingame signed written admonishments, which specified the range of punishment, the fact that there was no agreed punishment recommendation, and that the trial court would assess her punishment. She does not contest that she was properly admonished and pleaded guilty. The record further demonstrates that Fillingame signed detailed waivers along with her signed guilty plea. The burden therefore shifted to Fillingame to demonstrate that her plea was nevertheless involuntary because she did not understand the consequences of entering the plea. *See Martinez*, 981 S.W.2d at 197.

In an effort to meet this burden, Fillingame points to counsel's alleged ineffective assistance, contending that she "was unaware that after she pled guilty, she would still be subjected to the [c]ourt's judgment." At the time she entered the plea, Fillingame asserts, she believed a plea agreement had already been reached, and her counsel "essentially coerced" her to plead guilty by failing to inform her that there was even a remote possibility of imprisonment. But there is no evidence in the record to support these claims. Although Fillingame testified to this effect in her affidavit, which she attached to her motion for new trial, the affidavit is not evidence in this case because Fillingame never offered it as such at a hearing on the motion. *See Stephenson v. State*, 494 S.W.2d 900, 909–10 (Tex. Crim. App. 1973 ("An affidavit attached to the motion . . . is not evidence in itself; and in order to constitute evidence it needs to be introduced as such at the hearing on the motion.").[2]

---

[2] In fact, as the State notes on appeal, there is no indication in the record that Fillingame presented her motion for new trial to the trial court as the Rules of Appellate Procedure require. *See* Tex. R. App. P. 21.6 ("The defendant must present the motion for new trial to the trial court within 10 days of filing it."). Filing the motion, standing alone, is insufficient to show presentment. *Stokes v. State*, 277 S.W.3d 20, 21 (Tex. Crim. App. 2009). The rules "require some documentary evidence or notation that the judge personally received a copy of the motion

Accordingly, because there is no evidence that Fillingame's counsel erroneously advised her, Fillingame has failed to demonstrate that she did not voluntarily and knowingly enter her guilty plea or that she received the ineffective assistance of counsel, and we overrule both of her issues on appeal.

* * *

We affirm the judgment of the trial court.


/s/     Jeffrey V. Brown
        Justice


Panel consists of Justices Brown, Christopher, and McCally.

Do Not Publish — TEX. R. APP. P. 47.2(b).

---

and could therefore decide whether to set a hearing or otherwise rule upon it." *Gardner*, 306 S.W.3d 274, 305 (Tex. 2009). Presentment must be apparent from the record and "may be shown by such proof as the judge's signature or notation on the motion or proposed order, or an entry on the docket sheet showing presentment or setting a hearing date." *Id.* This list is not exhaustive. *Stokes*, 277 S.W.3d at 22.

In this case, both the docket sheet and the motion itself reflect that it was filed on July 20, 2012. The docket sheet also notes that Fillingame filed a cover letter for the motion on July 23. But nowhere does the docket sheet indicate that Fillingame presented the motion to the trial court, or that the trial court set a hearing or otherwise ruled on the motion. Further, the judge did not sign or make a notation on the motion or anywhere else in the record to indicate that he saw it. Therefore, Fillingame has failed to show that she presented her motion for new trial to the trial court. *See Gardner*, 206 S.W.3d at 305.