In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-15-00464-CR**
_____

**FREDDIE CROCHETT IV, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 163rd District Court**
**Orange County, Texas**
**Trial Cause No. B-150,326-R**

**MEMORANDUM OPINION**

Freddie Crochett IV (Crochett or Appellant) pleaded guilty to the offense of aggravated robbery with a deadly weapon. *See* Tex. Penal Code Ann. § 29.03 (West 2011). The trial court found the evidence sufficient to find Crochett guilty and, after a hearing on punishment, sentenced Crochett to thirty years' confinement. Appellant appeals his conviction.

Crochett's appointed appellate counsel filed a brief that presents counsel's professional evaluation of the record and concludes the appeal is without merit and

that there are no arguable grounds for reversal. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). We granted an extension of time for Crochett to file a *pro se* brief, and Crochett filed a *pro se* brief. In two appellate issues, Crochett complains he did not receive the effective assistance of counsel and that his guilty plea was not voluntary. More specifically, Crochett argues that his plea of guilty was "induced by erroneous and misleading information that he was eligible for probation."

The Court of Criminal Appeals has explained the analytical procedure in *Anders* appeals as follows:

> When faced with an *Anders* brief and if a later *pro se* brief is filed, the court of appeals has two choices. It may determine that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error. Or, it may determine that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues.

*Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005) (citing *Anders*, 386 U.S. at 744; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991)). Although an appellate court is not required to do so, "when a court of appeals finds no issues of arguable merit in an *Anders* brief, it may explain why the issues have no arguable merit." *Garner v. State*, 300 S.W.3d 763, 764 (Tex. Crim. App. 2009); *see Bledsoe*, 178 S.W.3d at 827.

INEFFECTIVE ASSISTANCE OF COUNSEL

To establish that he received ineffective assistance of counsel, Crochett must show that (1) counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The party alleging ineffective assistance has the burden to develop facts and details necessary to support the claim. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994) (citing *Strickland*, 466 U.S. at 689). A party asserting an ineffective-assistance claim must overcome the "strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." *See Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999) (citing *Strickland*, 466 U.S. at 690). An appellant's failure to make either of the required showings of deficient performance or sufficient prejudice defeats the claim of ineffective assistance. *Rylander v. State*, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003); *see also Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009) ("An appellant's failure to satisfy one prong of the *Strickland* test negates a court's need to consider the other prong.").

An ineffective assistance of counsel claim "must be 'firmly founded in the record' and 'the record must affirmatively demonstrate' the meritorious nature of

the claim." *Menefield v. State*, 363 S.W.3d 591, 592 (Tex. Crim. App. 2012) (quoting *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005)). Ordinarily, the record on direct appeal is simply undeveloped and does not adequately reflect trial counsel's failings, especially when counsel's reasons for failing to do something do not appear in the record. *Id.* at 592-93.

We indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance, and an appellant must overcome the presumption that the challenged action constituted "sound trial strategy." *Strickland*, 466 U.S. at 689; *Williams*, 301 S.W.3d at 687. When the record is silent, an appellate court may not speculate about why counsel acted as she did. *Jackson*, 877 S.W.2d at 771; *Gamble v. State*, 916 S.W.2d 92, 93 (Tex. App.– Houston [1st Dist.] 1996, no pet.). Without testimony from trial counsel, the court must presume counsel had a plausible reason for her actions. *Gibbs v. State*, 7 S.W.3d 175, 179 (Tex. App.–Houston [1st Dist.] 1999, pet. ref'd).

In this case, Crochett's motion for new trial made no claim of ineffective assistance, and, therefore, Crochett's counsel was not provided an opportunity to explain the choices she made in representing Crochett. We presume that counsel's actions were within the wide range of reasonable and professional assistance, and we do not speculate on counsel's actions or strategy. *See Scheanette v. State*, 144

4

S.W.3d 503, 509-10 (Tex. Crim. App. 2004). The record before us is silent about the strategy Crochett's attorney employed. On such a silent record, this Court can find ineffective assistance of counsel only if the challenged conduct was "'so outrageous that no competent attorney would have engaged in it.'" *Goodspeed*, 187 S.W.3d at 392 (quoting *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)). Crochett has failed to overcome the presumption that his counsel's performance was within the wide range of reasonable representation. *See Salinas v. State*, 163 S.W.3d 734, 740-41 (Tex. Crim. App. 2005). On the record before us, we cannot conclude that trial counsel's conduct was so egregious that no reasonable trial strategy could justify it. *See Goodspeed*, 187 S.W.3d at 392 (requiring the record to be developed in cases involving ineffective assistance claims in a manner affirmatively demonstrating that the claim has merit). We therefore find the first issue raised in Crochett's *pro se* brief to be meritless.

VOLUNTARY PLEA

In his second issue, Crochett contends his guilty plea was not voluntary. "No plea of guilty or plea of nolo contendere shall be accepted by the court unless it appears that the defendant is mentally competent and the plea is free and voluntary." Tex. Code Crim. Proc. Ann. art. 26.13(b) (West Supp. 2016). When we review the voluntariness of a plea, we examine the record as a whole. *Martinez v.*

5

*State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998) (en banc) (per curiam); *Doubout v. State*, 388 S.W.3d 863, 865 (Tex. App.—Houston [14th Dist.] 2012, no pet.).

When the record shows that the trial court gave a proper admonishment, there is a prima facie showing of a knowing and voluntary plea of guilty. *Ex parte Gibauitch*, 688 S.W.2d 868, 871 (Tex. Crim. App. 1985); *Ex parte Arjona*, 402 S.W.3d 312, 318 (Tex. App.—Beaumont 2013, no pet.) ("The admonishment is a prima facie showing that the guilty plea was knowing and voluntary."); *Doubout*, 388 S.W.3d at 865. The burden then shifts to the defendant to show that he pleaded guilty without understanding the consequences of his plea and thereby suffered harm. *See Martinez*, 981 S.W.2d at 197 ("A finding that a defendant was duly admonished creates a prima facie showing that a guilty plea was entered knowingly and voluntarily[]" and "the burden shifts to the defendant to demonstrate that he did not fully understand the consequences of his plea such that he suffered harm."); *see also* Tex. Code Crim. Proc. Ann. art. 26.13(c) (West Supp. 2016). A defendant's election to plead guilty is not made voluntarily and knowingly when such plea is based upon erroneous advice of counsel. *Ex parte Moussazadeh*, 361 S.W.3d 684, 689 (Tex. Crim. App. 2012) (citing *Ex parte Battle*, 817 S.W.2d 81, 83 (Tex. Crim. App. 1991)). Once a defendant has pleaded

6

guilty and attested to the voluntary nature of his plea, he bears a heavy burden at a subsequent hearing to demonstrate a lack of voluntariness. *Ybarra v. State*, 93 S.W.3d 922, 925 (Tex. App.—Corpus Christi 2002, no pet.).

In this case, the trial court held a plea hearing on October 1, 2015. The reporter's record from the plea hearing reflects that the court informed Crochett of his options regarding entering a plea and the consequences. Crochett testified that he did not want a jury trial, he pleaded guilty to the crime charged, he pleaded guilty of his own free choice, and he pleaded guilty because he was guilty. He further testified that he understood the range of punishment for the crime to which he pleaded guilty:

> THE COURT: Do you understand you're giving up -- do you understand the range of punishment for the crime you're pleading guilty to, Mr. Crochett?
>
> THE DEFENDANT: Yes, sir, I do.
>
> THE COURT: And what is that?
>
> THE DEFENDANT: Five to 99 years.
>
> THE COURT: Or?
>
> THE DEFENDANT: Life.
>
> THE COURT: And up to a $10,000 fine.
>
> THE DEFENDANT: Yes.

7

THE COURT: You understand it's a 3g offense because of the deadly weapon?

THE DEFENDANT: Yes, sir.

Crochett pleaded guilty to the allegations in the indictment. His plea is also reflected in a written and sworn Defendant's Stipulations, Waivers and Judicial Confession filed with the court, which includes the court's plea admonishments. The record reflects no evidence to substantiate Appellant's claim that he was misled by his attorney or that his plea was not voluntary. We do not consider allegations that are unsupported and unfounded in the record. *Aguero v. State*, 476 S.W.2d 672, 673 (Tex. Crim. App. 1972) (where appellant alleged he was made promises of probation, the Court declined to consider the allegations because they were "unsupported and unfounded in the record[]"); *see also* Tex. R. App. P. 38.1(i) (requiring appellate briefs to cite to the record). We thus find that Appellant has not met his burden to show that his guilty plea was not voluntary. Therefore, Appellant's second issue is also without merit.

Upon receiving an *Anders* brief, this Court must conduct a full examination of all the proceedings to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744). We have reviewed the entire record, counsel's brief, and Appellant's *pro se* brief, and we have found nothing that would arguably support an appeal. *See Bledsoe*, 178

8

S.W.3d at 827-28 ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."). Therefore, we find it unnecessary to order appointment of new counsel to re-brief the appeal. *Compare Stafford*, 813 S.W.2d at 511. We affirm the trial court's judgment.[1]

AFFIRMED.

_____
LEANNE JOHNSON
Justice

Submitted on October 24, 2016
Opinion Delivered October 26, 2016
Do Not Publish

Before McKeithen, C.J., Horton and Johnson, J.J.

---

[1] Crochett may challenge our decision in this case by filing a petition for discretionary review. *See* Tex. R. App. P. 68.