

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-25-00277-CR

———————————————

CLINTON EARL ALLEN, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 271st District Court
Wise County, Texas
Trial Court No. CR24082

---

Before Birdwell, Bassel, and Womack, JJ.
Memorandum Opinion by Justice Bassel

## MEMORANDUM OPINION

### I. Introduction

Appellant Clinton Earl Allen attempts to appeal from his conviction for aggravated sexual assault of a disabled individual for which he entered an open plea of guilty[1] and was sentenced to thirty-four years' confinement. In a single point, Allen argues that the trial court abused its discretion by denying his motion to withdraw his guilty plea and his waiver of a jury trial. Because it was within the trial court's discretion to refuse to allow Allen to withdraw his guilty plea when the sentencing hearing commenced five months after he had entered his guilty plea, and because the trial court did not abuse its discretion by denying Allen's request to withdraw his guilty plea, we affirm.

### II. Background

On February 3, 2025, Allen signed a document with (1) written plea admonishments evidencing his open plea of guilty; (2) a written waiver giving up many of his rights, including his right to a trial by jury;[2] and (3) a judicial confession.

---

[1]An open plea of guilty, such as the one signed in this case, with no agreement as to punishment and with no consideration given by the State for any waiver does not limit a defendant's right of appeal under Texas Rule of Appellate Procedure 25.2(a)(2). *See Garcia v. State*, No. 07-18-00036-CR, 2018 WL 3946403, at *2 n.5 (Tex. App.—Amarillo Aug. 15, 2018, no pet.) (mem. op., not designated for publication).

[2]The document also stated that he was mentally competent and was aware of the possible punishment and the consequences of his plea; that his plea was knowingly, freely, and voluntarily entered; and that his attorney had "fully explained this waiver and foregoing written admonishments given [to him] by the [j]udge. I

On that same date, the trial court also signed the written plea admonishments. The trial court initially set the case for sentencing on April 30, 2025, and later signed a second order setting the case for sentencing on July 7, 2025.

At the outset of the July 7 sentencing hearing, Allen's attorney announced that he was not ready. The following discussion occurred:

> [Defense counsel]: [Allen] wishes to withdraw his plea and has decided to exercise his right to a jury trial, if the [c]ourt would so allow.
>
> THE COURT: All right. What does the State have to say about that?
>
> [The State]: Well, your Honor, I think this is one of the oldest cases on the docket. This offense occurred on the 1st day of April of 2022. I've had many, many conversations with [defense counsel] about this case. The evidence of [Allen's] guilt is extremely strong. In fact, Mr. Allen made admissions to a law enforcement officer about the conduct that he committed which is the basis of the indictment, so I think it's just a delay tactic on the part of Mr. Allen to avoid being held accountable for this . . . case[,] and the State is ready to proceed.
>
> We have four witnesses here today, your Honor, to testify that have come up here and left their homes to do that, and in the interest of justice, your Honor, the State would request that the [c]ourt reject Mr. Allen's request and move forward on this case.
>
> THE COURT: All right. Yes, this case has been set numerous times and was . . . set to go on a jury trial February the 11th of 2025, and, as I recall, as a condition to canceling that jury trial, . . . I understood that Mr. Allen intended to enter a plea of guilty. He did, in fact, come before me on February 3rd of 2025, which was the final docket call before that jury trial, and did enter his plea along with the other things that are filed of record[,] and so here we are today. There's been no motion filed requesting that he . . . be allowed to withdraw his

understand all of my rights and each admonishment[,] and I have no[] questions of the [j]udge or my attorney[.]"

3

plea. He's here, and so unless there's any other reason that you have, [c]ounsel, I'm going to deny his request.

[Defense counsel]: Your Honor, respectfully, . . . I just learned this information prior to this court setting. I will gladly file a motion. As you know, I will file a motion to withdraw his plea this afternoon, if you would like me to, and maybe we could hear that. I don't know.

I would, you know, object to [the State's] characterization of the evidence, and I would say Mr. Allen is here. We have witnesses here as well. They've all taken time out of their day to be here as well.

I was appointed to represent Mr. Allen halfway through this process. He was already on the trial docket when I was appointed to represent him, so I don't think the fact that it's an old case should have that much weight on the [c]ourt's decision. I think that his request to have a jury trial to contest the factual allegations should be granted. I know he's already entered a plea, but the constitutional right to a jury trial, [j]udge, that's what we ask.

THE COURT: Well, he did have those rights.

[Defense counsel]: He did, your Honor.

THE COURT: And he . . . may well have had that jury trial but for the fact that he ple[aded] guilty to the indictment. He signed a judicial confession and said that he was guilty; otherwise, we wouldn't be here today[,] and so I don't know what the point would be to excuse someone from going ahead and having a jury trial. As a matter of fact, it was probably [that] the actual sentence was not entered that day . . . in deference to some reason that he needed a bit more time before the actual sentencing. So that's usually how those things go.

So you've indicated you have witnesses here, [and] the State has witnesses here, so I intend to go forward with the case at this time.

The trial court then heard testimony from the forensic nurse examiner who had

examined the fourteen-year-old complainant who had the cognitive ability of a five or

4

six-year-old girl[3] and said that Allen had put his finger in her vagina.  Other witnesses for the State included the investigator to whom Allen admitted that he might have touched the complainant's genitals when he shaved her pubic hair and two women other than the complainant who testified about inappropriate touching that Allen had done to them.  Allen's fiancée testified in his defense.  After hearing the witnesses' testimony, the trial court sentenced Allen to thirty-four years' confinement.

Allen filed a motion for new trial arguing only that "[t]he verdict was contrary to the law and the evidence."  The trial court denied the motion by written order,  and this appeal followed.

## III.  No Abuse of Discretion by Denying Request to Withdraw Guilty Plea

In his sole point, Allen argues that the trial court abused its discretion by denying his motion to withdraw his guilty plea and his waiver of a jury trial.  After setting forth the law, Allen makes a three-sentence argument in his brief challenging the voluntariness of his plea.[4]  As explained below, Allen's attempt to show that his plea was involuntary fails, and his attempt to withdraw his plea comes too late.

---

[3]"'Disabled individual' means a person older than 13 years of age who by reason of age or physical or mental disease, defect, or injury is substantially unable to protect the person's self from harm or to provide food, shelter, or medical care for the person's self." Tex. Penal Code § 22.021(b)(3).

[4]The entirety of Allen's argument is as follows:

Clearly, Allen through his counsel belied any notion that his plea was voluntary.  He expressed his desire and position that he was insisting to contest the indictment in a jury trial.  The trial court erred and violated

**A. Applicable Law and Standard of Review**

The Texarkana Court of Appeals has recently set forth the law that applies to withdrawing a guilty plea, including the standard of review, and the substantive law regarding guilty pleas:

> "[W]here the defendant decides to withdraw his guilty plea after the trial judge takes the case under advisement or pronounces judgment, the withdrawal of such plea is within the sound discretion of the trial court." *Jackson v. State*, 590 S.W.2d 514, 515 (Tex. Crim. App. [Panel Op.] 1979); *see Mendez v. State*, 138 S.W.3d 334, 345 (Tex. Crim. App. 2004). "An attempt by the defendant to withdraw the plea when court reconvenes for sentencing comes too late and is addressed to the discretion of the trial court." *Odelugo v. State*, 443 S.W.3d 131, 134 n.6 (Tex. Crim. App. 2014) (quoting George E. Dix & John M. Schmolesky, 43 Texas Practice: Criminal Practice and Procedure § 40:59, at 571–72 (3d ed. 2011)).
>
> The standard for reviewing decisions committed to the trial court's discretion is well-established. "A trial court abuses its discretion only when the decision lies 'outside the zone of reasonable disagreement.'" *Williams v. State*, 707 S.W.3d 233, 240 (Tex. Crim. App. 2024) (quoting *Apolinar v. State*, 155 S.W.3d 184, 186 (Tex. Crim. App. 2005)).[5]
>
> . . . .
>
> In this case, we view the factual scope of the "zone of reasonable disagreement" through the lens of the substantive law regarding guilty pleas. *See id.*

---

due process by not granting the motion to withdraw the plea and jury[-]trial waiver.

[5]Additionally, a trial court abuses its discretion by denying a motion to withdraw a plea when the record establishes that the plea was involuntary. *See Rivera v. State*, 952 S.W.2d 34, 36 (Tex. App.—San Antonio 1997, no pet.).

"In pleading guilty, 'a defendant waives his federal constitutional rights against self-incrimination, the right to a speedy and public trial by jury, and the right to confrontation.'" *Ex parte Reeder*, 691 S.W.3d 628, 635 (Tex. Crim. App. 2024) (orig. proceeding) (quoting *Ex parte Barnaby*, 475 S.W.3d 316, 322 (Tex. Crim. App. 2015) (per curiam) (orig. proceeding)). "A guilty plea involves the waiver of several constitutional rights and therefore must be entered knowingly, intelligently, and voluntarily with sufficient awareness of the relevant circumstances and likely consequences." *Ex parte Christian*, 714 S.W.3d 1, 5 (Tex. Crim. App. 2024) (citing *Brady v. United States*, 397 U.S. 742, 748[, 90 S. Ct. 1463, 1468–69] (1970)); *see* Tex. Code Crim. Proc. . . . art. 26.13(b) . . . ("No plea of guilty . . . shall be accepted by the court unless it appears that . . . the plea is free and voluntary."). "Guilty pleas induced by threats, improper promises, or misrepresentations are not voluntarily entered." . . . *Christian*, 714 S.W.3d at 5 (citing *Brady*, 397 U.S. at 748[, 90 S. Ct. at 1468–69]). "[I]f a defendant's guilty plea is not equally voluntary and knowing, it has been obtained in violation of due process and is therefore void." . . . *Reeder*, 691 S.W.3d at 635 (alteration in original) (quoting *McCarthy v. United States*, 394 U.S. 459, 466[, 89 S. Ct. 1166, 1171] (1969)).

The "key factor" in determining whether a plea was entered voluntarily is "whether a defendant has 'sufficient awareness of the relevant circumstances and likely consequences' such that his plea is a knowing, intelligent act." . . . *Christian*, 714 S.W.3d at 4 (quoting . . . *Barnaby*, 475 S.W.3d at 322–23 (citing *Brady*, 397 U.S. at 748[, 90 S. Ct. at 1468–69])). "Voluntariness is determined by considering all of the relevant circumstances surrounding a guilty plea." *Id.* (citing *Brady*, 397 U.S. at 748[, 90 S. Ct. at 1468–69]). "In considering the voluntariness of a guilty plea, the record should be examined as a whole." . . . *Barnaby*, 475 S.W.3d [at] 323 . . . (citing *Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998) (per curiam)).

"A finding that a defendant was duly admonished creates a prima facie showing that a guilty plea was entered knowingly and voluntarily." *Martinez*, 981 S.W.2d [at] 197 . . . ; *see Flores-Alonzo v. State*, 460 S.W.3d 197, 201 (Tex. App.—Texarkana 2015, no pet.). . . . [T]he burden [then] shift[s] to [the defendant] to "demonstrate that he did not fully understand the consequences of his plea such that he suffered harm." *Martinez*, 981 S.W.2d at 197; *see Flores-Alonzo*, 460 S.W.3d at 201. "A defendant who attests that he understands the nature of his plea and that

his plea was voluntary carries a 'heavy burden' on appeal to show that his plea was involuntary." *Mason v. State*, 527 S.W.3d 505, 509 (Tex. App.—Houston [1st Dist.] 2017, pet. ref'd) (quoting *Edwards v. State*, 921 S.W.2d 477, 479 (Tex. App.—Houston [1st Dist.] 1996, no pet.)).

*Fortman v. State*, No. 06-24-00150-CR, 2025 WL 2301388, at *1–2 (Tex. App.—Texarkana Aug. 11, 2025, no pet.) (mem. op., not designated for publication); *see Blankenship v. State*, No. 02-25-00225-CR, 2026 WL 179569, at *4–5 (Tex. App.—Fort Worth Jan. 22, 2026, pet. filed) (mem. op., not designated for publication).

## B.    Analysis

Here, we note at the outset that Allen's reason for wanting to withdraw his plea in the trial court appeared to be based solely on the fact that he had changed his mind and wanted a jury trial—not that he had given his plea involuntarily. *See generally Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012); *Sorto v. State*, 173 S.W.3d 469, 476 (Tex. Crim. App. 2005) (both noting that a party fails to preserve error when the contention urged on appeal does not match the specific complaint or request made in the trial court).    Assuming without deciding that Allen preserved his appellate complaint for review, it was within the trial court's discretion to decide whether to permit the withdrawal of Allen's guilty plea because he moved to withdraw his plea five months after the trial court had received it.[6]    As set forth above, the trial court clearly explained on the record why it would not allow Allen to withdraw his guilty

---

[6]Allen was warned of this in numbered paragraph 6 of his written admonishments: "6. **OPEN PLEA (NO PLEA BARGAIN):** This is your trial. . . . Once the [c]ourt has received your guilty plea, you may not withdraw that plea without permission of the [c]ourt."

plea, including noting that the case had been set numerous times and that sentencing had likely been postponed "in deference to some reason that he needed a bit more time before the actual sentencing." The trial court's reasoning is not outside the zone of reasonable disagreement. *See Williams v. State*, 265 S.W.3d 715, 720 (Tex. App.—Texarkana 2008, no pet.) (noting that "[n]either fairness nor efficiency may be accomplished if parties are permitted to engage in a protracted series of seemingly unwarranted delays" and holding that trial court did not abuse its discretion by denying appellant's motion to withdraw his guilty plea when his actions in arriving for sentencing and wanting to start the process over anew could have reasonably been interpreted as gamesmanship requiring further delay).

Allen's sole attempt to counter this and to show an abuse of discretion is the conclusory argument in his brief that his counsel had made clear at the sentencing hearing that Allen's plea was not voluntary. The record does not explain the basis for Allen's contention that his plea was involuntary. Because Allen signed admonishments attesting that he understood the nature of his plea and that his plea was voluntary, he bears the "heavy burden" on appeal to show that his plea was involuntary. *See Blankenship*, 2026 WL 179569, at *4; *Fortman*, 2025 WL 2301388, at *2. Allen, however, has not affirmatively shown that he was not aware of the consequences of his plea and that he was misled or harmed by the trial court's erroneous admonishment. *See Blankenship*, 2026 WL 179569, at *4; *Fortman*, 2025 WL 2301388, at *2. Nothing from his counsel's argument at the sentencing hearing—

9

during which he asserted Allen's right to a jury trial—establishes the involuntariness of his plea. Counsel's argument demonstrated only that Allen had changed his mind and wanted to pursue a jury trial instead of proceeding to sentencing. "But a change of mind does not render a plea involuntary if it was originally voluntary." *Thomas v. State*, Nos. 02-19-00115-CR–02-19-00118-CR, 2019 WL 6904290, at *7 (Tex. App.—Fort Worth Dec. 19, 2019, no pet.) (mem. op., not designated for publication) (citing *Briggs v. State*, 560 S.W.3d 176, 178, 190–91 (Tex. Crim. App. 2018)); *see Doubout v. State*, 388 S.W.3d 863, 866 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (holding that appellant's statement—that he did not commit the offense and wanted to change his plea to not guilty and have a jury trial—evidenced a possible change of heart, but it did not establish that he had failed to understand the consequences of his earlier guilty plea, especially in light of his confession to police and the waivers and admonishments that he had signed).

We conclude that Allen's request to withdraw his guilty plea five months after it had been received by the trial court came too late and that the trial court did not abuse its discretion by refusing to allow him to withdraw his plea. *See Jackson*, 590 S.W.2d at 515 (holding that a defendant's request to withdraw his guilty plea after the case had been taken under advisement by the trial court came too late and that the court did not abuse its discretion in refusing to allow the defendant to withdraw his plea); *see also Odelugo*, 443 S.W.3d at 134 n.6. Accordingly, we overrule Allen's sole point.

## IV.  Conclusion

Having overruled Allen's sole point, we affirm the trial court's judgment.

/s/ Dabney Bassel

Dabney Bassel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  June 11, 2026

11